# EXHIBIT 1

**AMENDED AND RESTATED BYLAWS**

**OF**

**COURT OF MASTER SOMMELIERS, AMERICAS**
(a California nonprofit mutual benefit corporation)

**Effective:  July 25, 2015**

DWT 16750975v4 0090047-000001
DWT 16750975v5 0090047-000001

# TABLE OF CONTENTS

**Page**

ARTICLE 1    ORGANIZATION ...................................................................................1

    Section 1.1    Name ........................................................................................1

    Section 1.2    Purposes ...................................................................................1

    Section 1.3    Principal Office ........................................................................1

ARTICLE 2    MEMBERS ...........................................................................................1

    Section 2.1    Classification and Qualification of Members ............................1

    Section 2.2    Admission to Membership........................................................2

    Section 2.3    Rights of Membership...............................................................2

    Section 2.4    Dues .........................................................................................2

    Section 2.5    Numbers of Members ...............................................................2

    Section 2.6    Membership Book.....................................................................2

    Section 2.7    Inspection Rights of Members .................................................2

    Section 2.8    Nonliability of Members ..........................................................3

    Section 2.9    Transferability of Memberships...............................................3

    Section 2.10   Resignation ..............................................................................3

    Section 2.11   Termination and Suspension of Membership ...........................3

ARTICLE 3    MEETINGS OF MEMBERS.................................................................4

    Section 3.1    Place.........................................................................................4

    Section 3.2    Annual Meeting .......................................................................5

    Section 3.3    Special Meetings ......................................................................5

    Section 3.4    Notice of Meetings...................................................................5

    Section 3.5    Contents of Notice ...................................................................6

    Section 3.6    Waivers, Consents and Approvals ............................................6

Section 3.7    Quorum ...................................................................................................6

Section 3.8    Adjournment ...........................................................................................7

Section 3.9    Meetings by Telephone or Other Telecommunications Equipment ...........7

Section 3.10   Voting of Membership ...........................................................................7

Section 3.11   Member Action by Written Consent without a Meeting ...........................7

Section 3.12   Member Action by Written Ballot Without a Meeting ..............................8

Section 3.13   Conduct of Meetings ..............................................................................8

Section 3.14   Inspectors of Election ............................................................................9

ARTICLE 4    BOARD OF DIRECTORS ......................................................................10

Section 4.1    General Powers .....................................................................................10

Section 4.2    Duties ...................................................................................................10

Section 4.3    Number of Directors .............................................................................10

Section 4.4    Nomination, Election and Terms ............................................................10

Section 4.5    Commencement of Terms ......................................................................12

Section 4.6    Removal ................................................................................................13

Section 4.7    Vacancies .............................................................................................13

Section 4.8    Resignation ..........................................................................................13

Section 4.9    Forfeiture of Directorship .....................................................................13

Section 4.10   Compensation and Fees .......................................................................13

ARTICLE 5    MEETINGS OF THE BOARD OF DIRECTORS ..............................................14

Section 5.1    Place of Meeting ...................................................................................14

Section 5.2    Annual Meeting .....................................................................................14

Section 5.3    Special Meetings ...................................................................................14

Section 5.4    Notices .................................................................................................14

Section 5.5    Meetings by Telephone or Other Telecommunications Equipment ..........15

DWT 16750975v4 0090047-000001
DWT 16750975v5 0090047-000001

Section 5.6      Action Without Meeting ................................................................15

Section 5.7      Action at a Meeting; Quorum and Required Vote .....................................15

Section 5.8      Validity of a Defectively Called or Noticed Meeting ...............................15

Section 5.9      Adjournment ................................................................................16

Section 5.10     Conduct of Meetings .....................................................................16

ARTICLE 6     OFFICERS ..............................................................................................16

Section 6.1      Officers ....................................................................................16

Section 6.2      Election ....................................................................................16

Section 6.3      Subordinate Officers ....................................................................17

Section 6.4      Removal and Resignation ...............................................................17

Section 6.5      Vacancies ..................................................................................17

Section 6.6      Chair of the Board........................................................................17

Section 6.7      Vice Chair .................................................................................17

Section 6.8      Secretary ...................................................................................17

Section 6.9      Treasurer ...................................................................................18

Section 6.10     Compensation .............................................................................18

ARTICLE 7     COMMITTEES .......................................................................................18

Section 7.1      Committees of the Board ................................................................18

Section 7.2      Advisory Committees ....................................................................19

Section 7.3      Meetings; Quorum; Action .............................................................19

ARTICLE 8     INDEMNIFICATION AND INSURANCE ....................................................20

Section 8.1      Right of Indemnity .......................................................................20

Section 8.2      Approval of Indemnity ..................................................................20

Section 8.3      Advancement of Expenses ..............................................................20

Section 8.4      Insurance ...................................................................................20

DWT 16750975v4 0090047-000001
DWT 16750975v5 0090047-000001

ARTICLE 9    RECORDS AND REPORTS .................................................................................20

    Section 9.1    Maintenance of Corporate Records ........................................................20

    Section 9.2    Inspection Rights ......................................................................................21

    Section 9.3    Annual Report ..........................................................................................21

ARTICLE 10  MISCELLANEOUS ........................................................................................21

    Section 10.1  Checks, Drafts, Etc. ....................................................................................21

    Section 10.2  Conflict of Interest .....................................................................................22

    Section 10.3  Corporate Seal ...........................................................................................22

ARTICLE 11  FISCAL YEAR ................................................................................................22

ARTICLE 12  AMENDMENT OF BYLAWS.........................................................................22

    Section 12.1  Amendment by Directors ...........................................................................22

    Section 12.2  Amendment by Members.............................................................................22

    Section 12.3  Record of Amendments ...............................................................................23

DWT 16750975v4 0090047-000001
DWT 16750975v5 0090047-000001

# AMENDED AND RESTATED BYLAWS

## OF

## COURT OF MASTER SOMMELIERS, AMERICAS
(a California nonprofit mutual benefit corporation)

## ARTICLE 1

## ORGANIZATION

Section 1.1     Name

The name of this corporation (the "Corporation") is Court of Master Sommeliers, Americas.

Section 1.2     Purposes

The purposes of the Corporation, as set forth in Article Two of the Articles of Incorporation, are to operate as a business league not organized for profit within the meaning of Section 501(c)(6) of the Internal Revenue Code of 1986, as amended (the "Code"), or any successor provision, including specifically to promote the common interest of the Corporation's membership in the sommelier profession through education, training and certifications.

Section 1.3     Principal Office

The principal office of the Corporation is located at 4306 Kingsford Drive, Napa, California 94558.  The Board of Directors of the Corporation (the "Board") is hereby granted full power and authority to change the principal office from one location to another in the State of California.  Any such change shall be recorded in the Corporation's meeting minutes and noted by the Secretary opposite this Section, but shall not be considered an amendment of these Bylaws.  Additional business offices may at any time be established by the Board at any place or places where the Corporation is qualified to do business.  Any such addition shall be recorded in the Corporation's meeting minutes and noted by the Secretary opposite this Section, but shall not be considered an amendment of these Bylaws.

## ARTICLE 2

## MEMBERS

Section 2.1     Classification and Qualification of Members

The Corporation shall have one class of membership, designated as individual.  Any natural person who: 1) is dedicated to the purposes of the Corporation; 2) has successfully completed the prescribed course of study and has been awarded the Master Sommelier Diploma; and 3) has read and signed the Court's Code of Ethics and Conduct, the Release and Waiver of

1

Liability attached thereto, and the Court's Alcohol Policy, as adopted and as may be amended by the Board from time to time, shall be eligible for membership.

Section 2.2    Admission to Membership

Any person eligible and qualified for membership under these Bylaws may be admitted to membership on the approval of the Board or the duly authorized committee of the Board, and upon timely payment of such dues and fees as the Board may fix from time to time.

Section 2.3    Rights of Membership

All members shall have the right to vote, as set forth in these Bylaws, on the election  or removal of directors, on the disposition of all or substantially all of the assets of the Corporation, on any merger and its principal terms and any amendment of those terms, on any election to dissolve the Corporation and any other matter presented to the membership for a vote.

Section 2.4    Dues

The dues payable by the members shall be in such amounts as shall be determined from time to time by the Board, which may fix the criteria and set different dues for different classes or categories of membership, if any.  Dues are payable for the first year on admission to membership and annually thereafter at the time or times as may be fixed by the Board.  A member, on learning of the amount of the dues determined by the Board and the time or times of payment fixed by the Board, may avoid liability for the dues by promptly resigning from membership, except if the member is, by contract or otherwise, liable for the dues.

Section 2.5    Numbers of Members

There shall be no limit on the number of members that the Corporation may admit.

Section 2.6    Membership Book

The Corporation shall keep a record of its members setting forth their respective names and addresses and, if applicable, the class and category of membership held by each.  The record shall be kept at the principal office of the Corporation and shall be subject to the rights of inspection required by law as set forth in Section 2.7 of these Bylaws.

Section 2.7    Inspection Rights of Members

(a)    Membership Records.  Subject to all of the provisions of Section 8330 of the California Corporations Code, any member may inspect and copy the record of the members' names, addresses, and voting rights at reasonable times, on five (5) business days' prior written demand to the Corporation for a purpose reasonably related to the member's interest as member of the Corporation.  The demand shall state the purpose for which inspection rights are requested.

(b)    Accounting Records and Minutes.  Any member may inspect the accounting books and records and minutes of proceedings of the members, the Board, and

2

committees of the Board on written demand made on the Corporation at any reasonable time for a purpose reasonably related to that member's interest as a member. The demand shall state the purpose for which inspection rights are requested.

(c)     Maintenance and Inspection of Articles and Bylaws.  The Corporation shall keep at its principal office the original or a copy of the Articles of Incorporation and any bylaws, as amended to date, which shall be open to inspection by the members at all reasonable times during office hours.

Section 2.8     Nonliability of Members

A member shall not, solely because of such membership, be personally liable for the debts, obligations, or liabilities of the Corporation.

Section 2.9     Transferability of Memberships

Neither the membership in the Corporation nor any rights in the membership may be transferred for value or otherwise.  All membership rights cease on the member's death or dissolution.

Section 2.10     Resignation

A member may resign at any time by giving written notice to the Chair of the Board (the "Chair") or to the Secretary of the Corporation.  Any such resignation shall take effect at the date of the receipt of such notice or at any later date specified therein; and unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

Section 2.11     Termination and Suspension of Membership

(a)     Termination.  The Board may terminate or suspend a member's membership and rights of membership for good cause if the procedures of Section 2.11(d) of these Bylaws are followed.  "Good cause" for these purposes shall include, but shall not be limited to: 1) the nonpayment of dues, fees or assessments within ninety (90) days after they have become due; 2) a member's failure to meet the qualifications for membership in Section 2.1 of these Bylaws; 3) violation of the Corporation's Code of Ethics and Conduct; and 4) any conduct materially and seriously prejudicial to the purposes and interests of the Corporation.  The Board may appoint a committee to investigate, report, and make a recommendation to the Board regarding the termination or suspension of a member.  The Board, in its discretion, may authorize the committee to suspend a member upon the authorized committee's determination of good cause without further action by the Board, but only the Board shall have the authority to take other disciplinary action or to terminate a member.  The Board, or its authorized committee where the committee is authorized to suspend a member, has the discretion, in each instance, to determine whether good cause exists, based upon the facts and circumstances presented.

(b)     Effect of Termination.  All rights of a member in the Corporation and in its property shall cease on the termination of such member's membership.  Termination shall not relieve the member from any obligation for charges, services or benefits actually rendered, dues, assessments or fees, or any other obligation, whether arising by contract, or otherwise, incurred,

3

received, or payable prior to the date of termination.  The Corporation shall retain the right to enforce any such obligation or obtain damages for its breach.

(c)      Effect of Suspension.  All or certain rights of a member, as determined by the Board or its authorized committee, may be suspended.  Suspension shall not relieve the member from any obligation for charges, services, benefits, dues, fees, or any other obligation, whether arising by contract, or otherwise, incurred, received, or payable prior to the date of suspension.  The Corporation shall retain the right to enforce any such obligation or obtain damages for its breach.  Suspension may be for a set period of time or until satisfaction of certain conditions imposed by the Board or its authorized committee for reinstatement.

(d)      Procedures for Termination or Suspension.  Before a member may be terminated or suspended pursuant to Section 2.11(a) of these Bylaws, the Corporation, or its authorized committee if the committee has determined to suspend the member, shall provide the member with thirty (30) days' prior written notice of the termination or suspension stating the reasons therefore and shall provide a timely opportunity for the member to be heard on the matter of the termination or suspension.  The notice shall be given personally, by electronic transmission to such member (in a manner permitted by the California Nonprofit Mutual Benefit Corporation Law), or sent by first-class mail to the last address of such member as shown on the records of the Corporation.  The opportunity to be heard may, at the election of such member, be oral or in writing and shall occur not less than five (5) days before the effective date of the termination or suspension; such hearing shall be held, or written statement considered, by the Board or its authorized committee to determine whether the termination or suspension should occur.  The hearing shall be conducted in a fair and reasonable manner, as determined by the Board or its authorized committee from time to time in accordance with Corporations Code § 7341.  A member shall have the opportunity to call upon any person(s) whose evidence may be pertinent, provided that the member shall provide the name(s) of such person(s) in writing to the Board or its authorized committee not less than fifteen (15) days before the date of the hearing.

(e)      Procedures for Reinstatement.  Before a member may be reinstated, the member must submit a reinstatement request in writing to the Chair, together with information related to the satisfaction of any conditions that may have been imposed by the Board or its authorized committee for reinstatement.  The Chair may request additional information of the member requesting reinstatement and following review and consideration of the reinstatement request and related information, and the Chair shall make a recommendation to the Board of Directors or its authorized committee for a final decision.  A member who is terminated for any reason may be readmitted only by the Board.

ARTICLE 3
MEETINGS OF MEMBERS

Section 3.1      Place

Meetings of the members shall be held at the principal office of the Corporation or at such location within or outside of the State of California as may be designated from time to time by the Board.

4

Section 3.2      Annual Meeting

The annual meeting of the members for election of directors to succeed those whose terms expire, and for transacting such other proper business as may come before the meeting shall be held each year on the first Monday of February at 9:00 am, unless the Board fixes another date or time and so notified members as provided in these Bylaws.  If the scheduled date falls on a legal holiday, the meeting shall be held the next business day.

Section 3.3      Special Meetings

Special meetings of the members for any purpose or purpose may be called at any time by the Board, the Chair, by any two (2) directors, or by five percent (5%) or more of the members, and held at such time and place as the Board may prescribe.

Section 3.4      Notice of Meetings

(a)      Whenever members are required or permitted to take any action at a meeting, a written notice of the meeting shall be given not less than 10 nor more than 90 days before the date of the meeting to each member who, on the record date for notice of the meeting, is entitled to vote thereat; provided, however, that if notice is given by mail, and the notice is not mailed by first-class, registered, or certified mail, that notice shall be given not less than 20 days before the meeting.

(b)      Notice of a members' meeting or any report shall be given personally, by electronic transmission by the Corporation, or by mail or other means of written communication, addressed to a member at the address of the member appearing on the books of the Corporation or given by the member to the Corporation for purpose of notice; or if no such address appears or is given, at the place where the principal office of the Corporation is located or by publication at least once in a newspaper of general circulation in the county in which the principal office is located. An affidavit of giving of any notice or report in accordance with the provisions of this part, executed by the secretary, assistant secretary or any transfer agent, shall be prima facie evidence of the giving of the notice or report. If any notice or report addressed to the member at the address of the member appearing on the books of the Corporation is returned to the corporation by the United States Postal Service marked to indicate that the United States Postal Service is unable to deliver the notice or report to the member at the address, all future notices or reports shall be deemed to have been duly given without further mailing if the same shall be available for the member upon written demand of the member at the principal office of the Corporation for a period of one year from the date of the giving of the notice or report to all other members.

(c)      Notice given by "electronic transmission" by the Corporation under this subdivision shall be valid only if it complies with California Corporations Code Sections 20 and 7511.  Notwithstanding the foregoing, notice shall not be given by electronic transmission by the Corporation under this subdivision after either of the following: (1) the Corporation is unable to deliver two consecutive notices to the member by that means, or (2) the inability to so deliver the notices to the member becomes known to the secretary, any assistant secretary, the transfer agent, or other person responsible for the giving of the notice.

DWT 16750975v4 0090047-000001
DWT 16750975v5 0090047-000001

(d)     Upon request in writing to the Corporation addressed to the attention of the Chair, the Vice Chair, or the Secretary by any person (other than the board) entitled to call a special meeting of members, the officer forthwith shall cause notice to be given to the members entitled to vote that a meeting will be held at a time fixed by the board not less than 35 nor more than 90 days after the receipt of the request. If the notice is not given within 20 days after receipt of the request, the persons entitled to call the meeting may give the notice or the superior court of the proper county shall summarily order the giving of the notice, after notice to the Corporation giving it an opportunity to be heard. The court may issue such orders as may be appropriate, including, without limitation, orders designating the time and place of the meeting, the record date for determination of members entitled to vote, and the form of notice.

Section 3.5      Contents of Notice

        The notice shall state the place, date, and time of the meeting, and the means of electronic transmission or video screen communication, if any, by which members may participate in that meeting.  In the case of the annual meeting, the notice shall state those matters that the Board, at the time the notice is given, intends to present for action by the members. In the case of a special meeting, the notice shall identify the general nature of the business to be transacted, and no other business may be transacted. The notice of any meeting at which directors are to be elected must include the names of all those who are nominated for election at the time the notice is given to the members.

Section 3.6      Waivers, Consents and Approvals

        The transactions of any meeting of members, however called and noticed, and wherever held, shall be as valid as though transacted at a meeting duly held after regular call and notice, if a quorum is present, and if, either before or after the meeting, each of the members entitled to vote but not present in person signs a written waiver of notice, a consent to the holding of the meeting, or an approval of the minutes of the meeting.  All such waivers, consents and approvals shall be filed with the corporate records or made a part of the minutes of the meeting.

Section 3.7      Quorum

        (a)     One third (1/3) of the voting power of the members, represented in person, shall constitute a quorum for the transaction of business, except to adjourn as provided in Section 3.8 of these Bylaws. For purposes of these Bylaws, "voting power" means the power to vote for the election of Directors at the time any determination of voting power is made and does not include the right to vote on the happening of some condition or event which has not yet occurred.

        (b)     Every act or decision done or made by a majority of the members who are entitled to vote, present at a meeting duly held at which a quorum is present, is the act of the members, unless a greater number of votes is required by the Articles of Incorporation, Bylaws or the California Nonprofit Mutual Benefit Corporation Law.

        (c)     A duly called and held meeting at which a quorum is initially present may continue to transact business until adjournment notwithstanding the withdrawal of members, if any action taken is approved by at least a majority of the required quorum for such meeting.

Section 3.8    Adjournment

In the absence of a quorum, any meeting of members may be adjourned from time to time by the vote of a majority of the votes represented in person. However, no other business may be transacted except as provided in Section 3.7(c) of these Bylaws. No meeting of members may be adjourned longer than forty-five (45) days.  If a meeting is adjourned to another time or place, and thereafter a new record date is fixed for notice or voting, a notice of the adjourned meeting shall be given to each member of record who, on the record date for notice of the meeting, is entitled to vote at the meeting.

Section 3.9    Meetings by Telephone or Other Telecommunications Equipment

A meeting of the members may be conducted, in whole or in part, by the use of conference telephone, electronic video screen communications or other electronic transmission by and to the corporation (1) if the corporation implements reasonable measures to provide members in person a reasonable opportunity to participate in the meeting and to vote on matters submitted to the members, including an opportunity to read or hear the proceedings of the meeting substantially concurrently with those proceedings, and (2) if any member votes or takes other action at the meeting by means of electronic transmission to the corporation or electronic video screen communication, a record of that vote or action is maintained by the corporation..

Section 3.10    Voting of Membership

(a)    One Vote per Member.  Each member is entitled to one (1) vote on each matter submitted to a vote of the members.

(b)    Record Date of Membership.  The record date for determining the members entitled to notice of any meeting of members is forty (40) days before the date of the meeting of members. The record date for determining the members entitled to vote at any meeting of members is fifty (50) days before the date of the meeting of members.

(c)    Cumulative Voting.  Cumulative voting is not authorized for the election of Directors or for any other purpose.

(d)    Proxy Voting.  Proxy Voting is not authorized for the election of Directors or for any other purposes.

Section 3.11    Member Action by Written Consent without a Meeting

Any action required or permitted to be taken by the members may be taken without a meeting, if all members individually or collectively consent in writing to such action.  The written consent or consents shall be filed with the minutes of the proceedings of the Board.  Such action by written consent shall have the same force and effect as the unanimous vote of the members.

7

Section 3.12    Member Action by Written Ballot Without a Meeting

(a)    Ballot Requirements.  Any action that may be taken at any regular or special meeting of members may be taken by written ballot instead of a meeting, including the election of Directors and officers. If an action is taken without a meeting, the Corporation must distribute a written ballot to every member entitled to vote on the matter. The ballot shall (1) state the proposed action; (2) provide an opportunity to specify approval or disapproval of any proposal; (3) provide a reasonable time within which to return the ballot to the Corporation; and (4) provides, subject to reasonable specified conditions, that if the person solicited specifies a choice with respect to any such matter, the vote shall be cast in accordance with that specification.

(b)    Solicitation of Written Ballots.  The Corporation shall distribute one written ballot to each member entitled to vote on the matter.  The ballots shall be mailed or delivered in the manner consistent with the requirements of giving notice of members' meetings set forth in Section 3.4 of these Bylaws.  All solicitations of votes by written ballot shall: (1) indicate the number of responses needed to meet the quorum requirement; (2) state the percentage of approvals necessary to pass the measure or measures; and (3) specify the time by which the ballot must be received in order to be counted.

(c)    Number of Votes and Approvals Required.  Approval by written ballot shall be valid only when (1) the number of votes cast by ballot (including those ballots that are marked "withhold" or otherwise indicate that authority to vote is withheld) within the time specified equals or exceeds the quorum required to be present at a meeting authorizing the action, and (2) the number of approvals equals or exceeds the number of votes that would be required for approval at a meeting at which the total number of votes cast was the same as the number of votes cast by written ballot without a meeting.

(d)    Revocation.  Any member casting a ballot may revoke the ballot, or substitute another, by a writing received by the Corporation before the time specified on the ballot for its receipt by the Corporation, but may not do so thereafter.  The revocation is effective on its receipt by the Secretary of the Corporation.

(e)    Filing.  All written ballots shall be filed with the Secretary of the Corporation at the principal place of business of the Corporation.

Section 3.13    Conduct of Meetings

(a)    Chair of Meetings.  The Chair, in his or her absence, any other person chosen by a majority of the voting members present, will be the chair of and preside over the meetings of the members.

(b)    Secretary of Meetings.  The Secretary of Corporation shall act as the secretary of all meetings of members; provided that in his or her absence, the Chair shall appoint another person to act as secretary of the meetings of the members.

8

Section 3.14    Inspectors of Election

(a)    Appointment.  In advance of any meeting of members, the Board may appoint any person or persons, other than candidates for office, as inspectors of election to act at the meeting and any adjournment thereof.  If inspectors of election are not so appointed, or if any persons so appointed fail to appear or refuse to act, the chair of the meeting may, and on request of member, must appoint inspectors of election at the meeting.  The number of inspectors shall be either one (1) or three (3).  If appointed at a meeting on the request of one or more members, the majority of the members represented in person shall determine whether one (1) or three (3) inspectors are to be appointed.

(b)    Duties.  The inspectors of election shall perform the following duties:

(i)    Determine the number of voting memberships outstanding and the voting power of each, the number represented at the meeting and the existence of a quorum;

(ii)    Receive votes, ballots or consents;

(iii)    Hear and determine all challenges and questions in any way arising in connection with the right to vote;

(iv)    Count and tabulate all votes and consents;

(v)    Determine when the polls shall close;

(vi)    Determine the results; and

(vii)    Do such acts as may be proper to conduct the election or vote with fairness to all members.

The inspectors of election shall perform their duties impartially, in good faith, to the best of their ability, and as expeditiously as is practical.

(c)    Vote of Inspectors.  If there are three (3) inspectors of election, the decision, act, or certificate of a majority is effective in all respects as the decision, act, or certificate of all.

(d)    Report and Certificate.  On request of the Chair or any member, the inspectors of election shall make a report in writing concerning the performance of their duties and execute a certificate of any fact of election found by them.  Any report or certificate made by the inspectors of election shall be prima facie evidence of facts stated therein.

DWT 16750975v4 0090047-000001
DWT 16750975v5 0090047-000001

ARTICLE 4

BOARD OF DIRECTORS

Section 4.1     Subject to the limitations of the Articles of Incorporation, these Bylaws and the laws of the State of California, the activities and affairs of the Corporation and all corporate powers shall be exercised by or under authority of the Board.  The Board may delegate the management of the activities of this Corporation to any person or persons, management company, or committee however composed, provided that the activities and affairs of this Corporation shall be managed and all corporate powers shall be exercised under the ultimate direction of the Board.

Section 4.1     General Powers

Subject to the limitations of the Articles of Incorporation, these Bylaws and the laws of the State of California, the activities and affairs of the Corporation and all corporate powers shall be exercised by or under authority of the Board.  The Board may delegate the management of the activities of this Corporation to any person or persons, management company, or committee however composed, provided that the activities and affairs of this Corporation shall be managed and all corporate powers shall be exercised under the ultimate direction of the Board.

Section 4.2     Duties

It shall be the duty of the Directors to:

(a)     Perform any and all duties imposed upon them collectively or individually by law, by the Articles of Incorporation, or by these Bylaws;

(b)     Appoint and remove, employ and discharge, and, except as otherwise provided in these Bylaws, prescribe the duties and fix the compensation, if any, of the chief executive officer and chief financial officer of the Corporation;

(c)     Supervise all officers, agents and employees of the Corporation to assure that their duties are properly performed;

(d)     Meet at such times and places as required by these Bylaws; and

(e)     Register their addresses with the Secretary of the Corporation and notices of meetings mailed or telegraphed to them at such addresses shall be valid notices thereof.

Section 4.3     Number of Directors

The Board shall consist of not less than five (5) nor more than nineteen (19) members, which number shall include the individuals elected to serve jointly as directors and as Chair and Vice Chair (the "Officer Directors") and the individuals elected to serve as directors at large (the "At Large Directors") (collectively, the Officer Directors and the At-Large Directors are referred to herein as the "Directors" or the "Board").  The authorized number of Directors as of the effective date of these Bylaws shall be sixteen (16).  The Board may, from time to time, change the authorized number of Directors, within the limits specified by this Section.  Such changes shall be made by resolution of the Board duly recorded in the minutes of the proceedings of the Board.

Section 4.4     Nomination, Election and Terms

(a)     Nomination; Primary Election.  The Board, or a nominating committee appointed by the Board in accordance with Article 7 of these Bylaws, shall receive from the

10

members, within a reasonable period of time as determined by the Board or the nominating committee, as the case may be, before the date of any general election of Directors, nominations of eligible persons (as described further in the following paragraph) for election at a primary election to fill open or vacant Officer Director and At-Large Director positions.  The Board or the nominating committee, as the case may be, shall make such nominations known to the members at least thirty (30) days before the date of such primary election.  The secretary shall forward to each member, together with notice of the special meeting or member action by written ballot required by these Bylaws, a list of all persons so nominated.

In order for a person to be an eligible nominee for an At-Large Director position, such person must (i) be a current dues-paying member of the Corporation; (ii) be in good standing; (iii) be a Master Sommelier for at least three (3) calendar years; (iv) have a minimum of at least Advanced Examiner/Masters Observer status; and (v) be able to teach or examine at 1 Masters, 1 Advanced, 1 Certified, and 1 Introductory course per year.  In order for a person to be an eligible nominee for an Officer Director position, such person shall have completed at least one (1) full term as an At-Large Director.

The eligible nominees receiving the two (2) highest vote counts for each Officer Director position being filled at such special meeting at which there is a quorum, or by written ballot assuming the presence of a quorum, shall move on to a general election held at the annual membership meeting or by written ballot at such time as the annual membership meeting is held. The eligible nominees receiving the highest vote counts for two (2) times the number of At-Large Director positions being filled at such special meeting at which there is a quorum, or by written ballot assuming the presence of a quorum, shall move on to a general election held at the annual membership meeting or by written ballot at such time as the annual membership meeting is held.  For example, if there are three (3) At-Large Director positions up for election, then those six (6) persons receiving the most votes in the primary election shall move on to the general election.

In the event of a tie in the primary election amongst eligible nominees running for a particular Officer Director position, there shall be one or more run-off primary elections among such nominees conducted by the members, until there are two (2) top vote-receiving nominees for such position.  If there is a tie in the primary election amongst any of the eligible nominees for any At-Large Director position, there shall be one or more run-off primary elections until there are two (2) times the number of eligible nominees for the number of At-Large Director positions to be filled.

The Board, or nominating committee if so designated, shall formulate procedures that allow a reasonable opportunity for a nominee in either the primary or general election to communicate to members the nominee's qualifications and to solicit votes.

(b)     General Election of Officer Directors.  The Officer Directors shall be elected by a majority (51 percent) of the members at a general election held at an annual membership meeting at which there is a quorum, or by written ballot assuming the presence of a quorum, from the persons receiving the two (2) highest vote counts in the primary election as provided in Section 4.4(a) above for each Officer Director position being filled.  In the event of a tie among the two (2) candidates running in the general election for an Officer Director position,

11

there shall be one or more run-off general elections among such candidates, until one candidate has received a majority (51 percent) of the votes for Officer Director position.

(c)      General Election of At-Large Directors.  Approximately one-third (1/3) of the At-Large Directors shall be elected each year.  Notwithstanding the foregoing, the number of persons equal to the number of At-Large Director positions then up for election who receive the highest vote counts as provided for in Section 4.4(a) above at a general election held at an annual membership meeting at which there is a quorum, or by written ballot assuming the presence of a quorum, shall elected At-Large Directors.  For example, if there are three (3) At-Large Director positions up for election, then those three (3) of the six (6) candidates moving to the general election from the primary election who receive the highest vote count shall be elected At-Large Directors.  If there is a tie amongst any of the candidates for an At-Large Director position, there shall be one or more run-off general elections until all At-Large Director positions then up for election are filled.  For example, if three (3) At-Large Director positions are up for election, and two (2) candidates receive the first- and second-highest numbers of votes, then the first two (2) At-Large Director positions shall be filled by such persons, leaving one (1) At-Large Director position to be filled; if two candidates each receive the third-highest number of votes, then there shall be a run-off general election between those candidates for the final At-Large Director position.

(d)      Terms of Officer Directors.  Each Officer Director shall serve a term of three (3) years, until he or she shall resign or be removed, or until his or her successor is elected and qualified.  An Officer Director shall not serve more than two (2) consecutive full terms in any one Officer Director position.  Partial terms served by an Officer Director as a result of filling a vacancy pursuant to Section 4.7 shall not count toward the two (2) term limit.  The Chair shall not be eligible for election to any Officer Director or At-Large Director position for a period of one (1) year after the end of his or her tenure as Chair.  The Vice Chair shall be eligible for election to the Chair position or an At-Large Director position immediately upon the end of his or her tenure as Vice Chair.

(e)      Terms of At-Large Directors.  Each At-Large Director shall serve a term of three (3) years, until he or she shall resign or be removed, or until his or her successor is elected and qualified.  An At-Large Director shall not serve more than two (2) consecutive full terms as an At-Large Director.  Partial terms served by an At-Large Director as a result of filling a vacancy pursuant to Section 4.7 shall not count toward the two (2) term limit.  Any director who has served two (2) consecutive full terms as an At-Large Director shall not be eligible to serve as an At-Large Director for a period of one (1) year after the end of his or her second consecutive term, although such a director may stand immediately for election to an Officer Director position.

Section 4.5      Commencement of Terms

New Directors shall assume office on the January 1st of the calendar year following their election.  A Director who is elected to fill a vacancy shall assume office immediately and shall serve for the remainder of the term of the Director being replaced.  A Director elected to expand Board membership in between annual elections will serve concurrent with one of the staggered

12

groups and will be up for re-election at the next annual election that most closely approximates his/her three (3) year term.

Section 4.6     Removal

Any member of the Board of this Corporation may be removed from office if, where the Corporation has fewer than fifty (50) members, removal is approved by a majority of members pursuant to Corporations Code § 5033 (requiring approval of a majority of the votes entitled to be cast), or, where the Corporation has fifty (50) or more member, removal is approved by the members within the meaning of Corporations Code § 5034 (requiring approval of a majority of votes represented and voting at a duly held meeting at which a quorum is present or written ballot in conformity with Corporations Code § 7513).

Section 4.7     Vacancies

A vacancy in the Board of Directors shall be deemed to exist in the case of the death, resignation, or removal of any Director or if the authorized number of Directors be increased. Except as provided in the next sentence or in California Corporations Code § 7224, any such vacancies shall be filled by the Board.  Vacancies created by removal of Directors shall be filled by the approval of the members within the meaning of Corporations Code § 5034 (requiring approval of approval of a majority of votes represented and voting at a duly held meeting at which a quorum is present or written ballot in conformity with Corporations Code § 7513).  The members may elect a Director at any time to fill any vacancy not filled by the Directors.

Section 4.8     Resignation

Any Director may resign effective upon giving written notice to the Chair or the Secretary or to all Directors, unless such notice specifies a later time for the effectiveness of such resignation.  If the resignation is effective at a future time, a successor may be elected to take office when the resignation becomes effective.

Section 4.9     Forfeiture of Directorship

Any Director absent from three (3) consecutive meetings of the Board of Directors without leave of absence from the Board of Directors, at the discretion of the Board of Directors shall be held to have forfeited his or her office and the Board may declare vacant the office of such Director.

Section 4.10    Compensation and Fees

Directors shall not receive any stated salary for their services as Directors.  Nonetheless, they shall be allowed reasonable advancement or reimbursement of expenses incurred in the performance of their duties as specified in Section 4.2 of these Bylaws.  Nothing contained in this section shall be construed to preclude any Director from serving the Corporation in any other capacity as an officer, agent, employee, or otherwise, and receiving compensation therefore.

ARTICLE 5

MEETINGS OF THE BOARD OF DIRECTORS

Section 5.1     Place of Meeting

The annual meeting and special meetings of the Board of Directors shall be held at any place designated from time to time by resolution of the Board of Directors or by written consent of all members of the Board of Directors.  In the absence of such designation, such meetings shall be held at the principal executive office of the Corporation or may be held by teleconference as described in Section 5.6 of these Bylaws or as permitted by California Corporations Code § 7211.

Section 5.2     Annual Meeting

The annual meeting of the Board of Directors shall be held immediately after the annual membership meeting or any membership meeting at which any class of members of the Board is elected.  The meeting will be held for the purpose of for annual fiscal reporting through December of that year.  Notice of annual meetings, scheduled in accordance herewith, is hereby dispensed with.

Section 5.3     Special Meetings

Special meetings of the Board of Directors for any purpose or purposes may be called at any time by the Chair or Vice Chair, the Secretary, or by any two (2) Directors.  Special meetings of the Board of Directors shall be held upon four (4) calendar days' notice given by first-class mail, or forty eight (48) hours' notice delivered personally or by telephone, including a voice messaging system or other system or as permitted by California Corporations Code § 7211.

Section 5.4     Notices

Any notice required to be given under these Bylaws shall be addressed or delivered to each Director at such Director's address as is shown upon the records of the Corporation or as may have been given to the Corporation by the Director for purposes of notice, or if such address is not shown on such records or is not readily ascertainable, at the place in which the meetings of the Directors are regularly held.  Notice by mail shall be deemed to have been given at the time a written notice is deposited in the United States mail, postage prepaid.  Any other written notice shall be deemed to have been given at the time it is personally delivered to the recipient or is delivered to a common carrier for transmission or actually transmitted by the person giving the notice by electronic means to the recipient.  Oral notice shall be deemed to have been given at the time it is communicated, in person or by telephone, including a voice messaging system or other system or technology designed to record and communicate messages, or wireless, to the recipient or to a person at the office of the recipient who the person giving notice has reason to believe will promptly communicate it to the recipient.  Notice of meetings shall specify the place, day and hour of the meeting.  A notice or waiver of notice need not specify the purpose of any special meeting of the Board of Directors.

Notice of meetings may also be given by "electronic transmission" in accordance with Corporations Code §§ 20 and 7211.

Section 5.5      Meetings by Telephone or Other Telecommunications Equipment

Directors may participate in any meeting through use of conference telephone, electronic video screen communications or other electronic transmission by and to the corporation. Participation in a meeting through use of conference telephone or electronic video screen communication constitutes presence in person at that meeting as long as all Directors participating in the meeting are able to hear one another.  Participation in a meeting through use of electronic transmission by and to the Corporation (other than conference telephone and electronic video screen communication) constitutes presence in person at that meeting if both of the following apply:  (1) each Director participating in the meeting can communicate with all other participating Directors concurrently; and (2) each Director is provided the means of participating in all matters before the Board, including without limitation, the capacity to propose or to interpose an objection to a specific action to be taken by the Corporation.

Section 5.6      Action Without Meeting

Any action required or permitted to be taken by the Board may be taken without a meeting if all members of the Board shall individually or collectively consent in writing to such action.  Such consent or consents shall be filed with the minutes of the proceedings of the Board and shall have the same force and effect as a unanimous vote of such Directors.

Section 5.7      Action at a Meeting; Quorum and Required Vote

Presence of a majority of the total authorized number of Directors at a meeting of the Board constitutes a quorum for the transaction of business, except as hereinafter provided.  Every act or decision done or made by a majority of the Directors present at a meeting duly held at which a quorum is present shall be regarded as the act of the Board, unless a greater number, or the same number after disqualifying one or more Directors from voting, is required by law, by the Articles of Incorporation, or by these Bylaws.  A meeting at which a quorum is initially present may continue to transact business notwithstanding the withdrawal of Directors, provided that any action taken is approved by at least a majority of the required quorum for such meeting.

Section 5.8      Validity of a Defectively Called or Noticed Meeting

The transactions of any meeting of the Board of Directors, however called and noticed, shall be as valid as though had at a meeting duly held after regular call and notice if a quorum is present and if, either before or after the meeting, each of the Directors not present, or who, though present, has prior to the meeting or at its commencement protested the lack of proper notice to him or her, signs a written waiver of notice or consent to holding such meeting or an approval of the minutes thereof.  All such waivers, consents or approvals shall be filed with the corporate records or made a part of the minutes of the meeting.

Section 5.9     <u>Adjournment</u>

A quorum of the Directors may adjourn any Directors' meeting to meet again at a stated day and hour; provided, however, that in the absence of a quorum, a majority of the Directors present at any Directors' meeting, either regular or special, may adjourn from time to time until the time fixed for the next regular meeting of the Board. If the meeting is adjourned for more than twenty four (24) hours, notice of any adjournment to another time or place shall be given prior to the time of the adjourned meeting to the Directors who were not present at the time of adjournment. Otherwise, notice of the time and place of holding of adjourned meetings need not be given to absent Directors if the time and place be fixed at the meeting adjourned.

Section 5.10    <u>Conduct of Meetings</u>

(a)    Meetings of the Board shall be presided over by the Chair, or, if no such person has been so designated or, in his or her absence, the Vice Chair or, in his or her absence, by a chair chosen by a majority of the Directors present at the meeting. The Secretary of the Corporation shall act as secretary of all meetings of the Board of Directors, provided that, in his or her absence, the presiding officer shall appoint another person to act as secretary of the meeting.

(b)    An executive session of the Board may be called for purposes of personnel and disciplinary actions, contract considerations, to receive advice of counsel or other confidential matters. A majority vote of the Board is required to go into executive session. Only Board members, special invitees, and such employees or staff members as the Board determines to be necessary are allowed to attend an executive session.

ARTICLE 6

OFFICERS

Section 6.1    <u>Officers</u>

The officers of the Corporation shall be a Chair of the Board (the "Chair"), a Vice Chair, a Secretary and a Treasurer. The Corporation may also have, at the discretion of the Board, one or more Vice Chairs, one or more Assistant Secretaries, one or more Assistant Treasurers and such other officers as may be appointed in accordance with the provisions of Section 3 of this Article 6. Any number of offices may be held by the same person. The removal or resignation of a Director who is an officer of the Corporation shall be deemed a resignation by such person from all offices held.

Section 6.2    <u>Election</u>

The Chair and Vice Chair shall be directors of the Corporation. The Chair and Vice Chair shall be elected, and shall serve terms, as provided in Section 4.4 of these Bylaws. The Secretary and the Treasurer shall each be elected by the Board of Directors at the annual meeting of the Board and serve a term of three (3) years, until he or she shall resign or be removed, or until his or her successor is elected and qualified.

16

Section 6.3      Subordinate Officers

The Board may authorize one or more such other officers as the business of the Corporation may require.  The Board shall appoint such other officers, each of whom shall hold office for such period, have such authority and perform such duties as are provided in the Bylaws or as the Board may from time to time determine.

Section 6.4      Removal and Resignation

The Chair and the Vice-Chair may be removed in accordance with Section 4.6 of these Bylaws.  Any officer elected or appointed in accordance with the provisions of this Article 6 may be removed, either with or without cause, by the Board, at any time.  The removal of any such officer shall be subject, in each case, to the rights, if any, of such officer under any contract of employment.  Any officer elected or appointed in accordance with the provisions of this Article 6 may resign at any time by giving written notice to the Chair or to the Secretary of the Corporation, without prejudice, however, to the rights, if any, of the Corporation under any contract to which such officer is a party.  Any such resignation shall take effect at the date of the receipt of such notice or at any later date specified therein; and unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

Section 6.5      Vacancies

Any vacancy caused by death, resignation, removal, disqualification, or otherwise, of any officer shall be filled by the Board.  In the event of a vacancy in any office other than that of Chair, such vacancy may be filled temporarily by appointment by the Chair until such time as the Board shall fill the vacancy.  Vacancies occurring in offices of officers appointed at the discretion of the Board of Directors may or may not be filled as the Board shall determine.

Section 6.6      Chair of the Board

The Chair of the Board (the "Chair") shall serve as the Chief Executive Officer of the Corporation and shall, subject to the control of the Board, supervise and control the affairs of the Corporation and the activities of the officers.  He or she shall perform all duties incident to his or her office and such other duties as may be required by law, by the Articles of Incorporation, or by these Bylaws, or which may be prescribed from time to time by the Board of Directors.  The Chair shall preside at meetings of the Board.

Section 6.7      Vice Chair

If the Chair is absent or disabled, the Vice Chair, shall have all the powers and be subject to all restrictions on the Chair.  The Vice Chair shall have such other powers and perform such other duties as the Board or the Bylaws may require.

Section 6.8      Secretary

The Secretary shall certify and keep at the principal office of the Corporation the original, or a copy, of these Bylaws as amended or otherwise altered to date.  The Secretary shall record or cause to be recorded, and shall keep or cause to be kept, at the principal executive office or

17

such other place as the Board may order, a Book of Minutes of actions taken at all meetings of the Directors, with the time and place of holding, whether regular or special, and if special, how authorized, the notice thereof given, and the names of those present at all meetings of the Board of Directors.  The Secretary shall keep the Membership Book described in Article 2 of these Bylaws.  The Secretary shall give, or cause to be given, notice of all the meetings of the Board required by the Bylaws or by law to be given, and shall keep the seal of the Corporation, if any, in safe custody.  In general, the Secretary shall perform all duties incident to the office of Secretary and such other duties as may be required by law, by the Articles of Incorporation, or by these Bylaws, or which may be assigned to him or her from time to time by the Board.

Section 6.9     Treasurer

The Treasurer, shall act as chief financial officer of the Corporation and shall keep and maintain, or cause to be kept and maintained, adequate and correct accounts of the properties and business transactions of the Corporation, including accounts of its assets, liabilities, receipts, disbursements, gains and losses.  The Treasurer shall submit a statement of accounts at each regular meeting of the Board and shall make such reports as the Board of Directors may require, and shall make an annual report to the Board.  The Treasurer shall cause to be deposited or shall cause to be disbursed in accordance with procedures approved by the Board all monies and other valuables in the name and to the credit of the Corporation with such depositories as may be designated by the Board.  The Treasurer shall disburse funds of the Corporation as may be ordered by the Board, shall render to the Board, whenever they request, an account of all transactions as Treasurer and of the financial condition of the Corporation, and shall have such other powers and perform such other duties as may be prescribed by the Board or these Bylaws.

Section 6.10    Compensation

The salaries of the officers, if any, shall be fixed from time to time by resolution of the Board, and no officer shall be prevented from receiving such salary by reason of the fact that he or she is also a Director of the Corporation.  In all cases, any salaries received by officers of this Corporation shall be reasonable and given in return for services actually rendered for the Corporation which relate to the performance of the charitable or public purposes of this Corporation.

ARTICLE 7

COMMITTEES

Section 7.1     Committees of the Board

The Board, by resolution adopted by a majority of the Directors then in office, provided a quorum is present, may create one (1) or more committees (each, a "Committee of the Board"), each consisting of two (2) or more Directors and no persons who are not Directors, to serve at the pleasure of the Board.  Appointments to Committees of the Board shall be recommended by the Chair and approved by majority vote of the Directors then in office.  The Board may, upon recommendation of the Chair, appoint one (1) or more Directors as alternate members of any such committee, who may replace any absent committee member at any meeting.  Any

18

Committee of the Board, to the extent provided in the resolution of the Board creating that committee, shall have all the authority of the Board; provided, however, that no Committee of the Board or any other committee, regardless of any resolution that may be adopted by the Board, shall have the power or authority to:

       (a)     Approve any amendment to the Corporation's Articles of Incorporation or these Bylaws, or any sale, lease, conveyance, exchange, transfer or other disposition of substantially all the assets of the Corporation other than in the usual and regular course of the Corporation's activities, or any merger of the Corporation with another corporation or other person or entity or any dissolution of the Corporation;

       (b)     Fill vacancies on the Board or on any Committee of the Board;

       (c)     Amend or repeal Bylaws or adopt new Bylaws;

       (d)     Amend or repeal any resolution of the Board that by its express terms is not so amendable or repealable;

       (e)     Create any other Committees of the Board or appoint the members of Committees of the Board;

       (f)     The expenditure of corporate funds to support a nominee for Director after there are more people nominated for Director than can be elected; and

       (g)     With respect to any assets held in charitable trust, the approval of any self-dealing transaction except as provided in paragraph (3) of subdivision (d) of Section 5233.

Section 7.2    <u>Advisory Committees</u>

The Corporation may have such other committees as may from time to time be designated by the Chair and then confirmed by the Board.  Such committees shall act in an advisory capacity only to the Board and shall be clearly titled as "advisory" committees.  Any such committee shall consist of members, who need not be members of the Board, appointed by the Chair and then confirmed by the Board.

Section 7.3    <u>Meetings; Quorum; Action</u>

The Board shall have the power to prescribe the manner in which proceedings of any committee shall be conducted.  In the absence of prescription by the Board, a committee shall have the power to prescribe the manner in which its proceedings shall be conducted.  Unless the Board or a committee shall otherwise provide, regular and special meetings and other actions of the committee shall be governed by the provisions of Article 5 applicable to meetings and actions of the Board.  Minutes shall be kept of each meeting of each committee.

DWT 16750975v4 0090047-000001
DWT 16750975v5 0090047-000001

ARTICLE 8

INDEMNIFICATION AND INSURANCE

Section 8.1     Right of Indemnity

To the fullest extent permitted by law, the Corporation shall indemnify its Directors and Officers, including persons formerly occupying any such position, against all expenses, judgments, fines, settlements, and other amounts actually and reasonably incurred by them in connection with any "proceeding," as that term is used in that section, and including an action by or in the right of the Corporation, by reason of the fact that the person is or was a person described in that section.  "Expenses," as used in this Article 8, shall have the same meaning as in Section 7237 of the California Corporations Code.  "Officers" as used in this Article 8 shall mean the Chair, Vice Chair, Secretary, Treasurer and such subordinate officers as may be appointed by the Board from time to time.

Section 8.2     Approval of Indemnity

On written request to the Board by any Director or Officer seeking indemnification under Section 7237(b) or Section 7237(c) of the California Corporations Code, the Board shall promptly determine under Section 7237(e) of the California Corporations Code whether the applicable standard of conduct set forth in Section 7237(b) or Section 7237(c) has been met and, if so, the Board shall authorize indemnification.

Section 8.3     Advancement of Expenses

To the fullest extent permitted by law and except as otherwise determined by the Board in a specific instance, expenses incurred by a person seeking indemnification under this Article 8 (Indemnification) in defending any proceeding covered thereby shall be advanced by the Corporation before final disposition of the proceeding, on receipt by the Corporation of an undertaking by or on behalf of that person that the advance will be repaid unless it is ultimately determined that the person is entitled to be indemnified by the Corporation for those expenses.

Section 8.4     Insurance

The Corporation shall have the right to purchase and maintain insurance to the full extent permitted by law on behalf of its Officers, Directors, employees and other agents, against any liability asserted against or incurred by any Officer, Director, employee or agent in such capacity or arising out of the Officer's, Director's, employee's or agent's status as such.

ARTICLE 9

RECORDS AND REPORTS

Section 9.1     Maintenance of Corporate Records

The Corporation shall keep at its Principal Office: (a) adequate and correct books and records of account; (b) minutes of the proceedings of its members, the Board, Committees of the

DWT 16750975v4 0090047-000001
DWT 16750975v5 0090047-000001

Board and Advisory Committees; and (c) a record of each member's name, address and class of membership.  The minutes and other books and records shall be kept either in written form or in any other form capable of being converted into clearly legible tangible form or in any combination of the two.

Section 9.2      Inspection Rights

Every Director shall have the absolute right at any reasonable time to inspect and copy all of the Corporation's books, records and documents of every kind, and to inspect the physical properties of the Corporation.  Every member shall have the right to inspect the Corporation's books and records as set forth in Section 2.7 of these Bylaws.

Section 9.3      Annual Report

The Board shall cause an annual report to be prepared within one hundred twenty (120) days after the end of the Corporation's fiscal year.  That report shall contain the following information, in appropriate detail, for the fiscal year:

(a)      A balance sheet as of the end of the fiscal year, an income statement, and statement of changes in financial position for the fiscal year, accompanied by an independent accountants' report or, if none, by the certificate of an authorized officer of the Corporation that they were prepared without audit from the Corporation's books and records;

(b)      A statement of the place where the names and addresses of current members are located; and

(c)      Any information required by Section 8332 of the California Corporations Code.

The Corporation shall annually notify each member of the member's right to receive a copy of the annual report under this Section.  Upon written request by a member, the Board shall promptly cause the most recent annual report to be sent to the requesting member.  Upon approval by the Board, the annual report may be sent by electronic transmission by the Corporation.

ARTICLE 10

MISCELLANEOUS

Section 10.1     Checks, Drafts, Etc.

All checks, drafts or other orders for payment of money, notes or other evidences of indebtedness, issued in the name of or payable to the Corporation, shall be signed or endorsed by such person or persons and in such manner as, from time to time, shall be determined by a resolution of the Board.

Section 10.2    Conflict of Interest

The Corporation, through its Board of Directors, may promulgate from time to time a conflict of interest policy according to the current law then in effect to be adhered to by its Directors and officers.

Section 10.3    Corporate Seal

The Board may adopt, use, and at will alter, a corporate seal.  Such seal, if any, shall be kept at the principal office of the Corporation.  Failure to affix the seal to corporate instruments, however, shall not affect the validity of any such instrument.

ARTICLE 11

FISCAL YEAR

The fiscal or business year of the Corporation shall begin on the first day of January and shall end on the last day of December of each year.

ARTICLE 12

AMENDMENT OF BYLAWS

Section 12.1    Amendment by Directors

These Bylaws may be adopted, amended or repealed at any time and from time to time by the majority vote of the Directors then in office, unless the action would:

(a)    Materially and adversely affect the rights of members as to voting, dissolution, redemption, or transfer;

(b)    Increase or decrease the number of members authorized in total or for any class;

(c)    Effect an exchange, reclassification or cancellation of all or part of the memberships; or

(d)    Authorize a new class of membership.

Section 12.2    Amendment by Members

Bylaws may be adopted, amended or repealed by approval of the members (California Corporations Code § 5034); provided, however, that such adoption, amendment or repeal also requires approval by the members of a class if such action would:

(a)    Materially and adversely affect the rights, privileges, preferences, restrictions or conditions of that class as to voting, dissolution, redemption, or transfer in a manner different than such action affects another class;

DWT 16750975v4 0090047-000001
DWT 16750975v5 0090047-000001

(b)      Materially and adversely affect such class as to voting, dissolution, redemption, or transfer by changing the rights, privileges, preferences, restrictions or conditions of another class;

(c)      Increase or decrease the number of memberships authorized for such class;

(d)      Increase the number of memberships authorized for another class;

(e)      Effect an exchange, reclassification or cancellation of all or part of the memberships of such class; or

(f)      Authorize a new class of memberships.

Section 12.3   <u>Record of Amendments</u>

Any amendment or alteration in these Bylaws shall be forthwith filed with the original Bylaws of the Corporation.

DWT 16750975v4 0090047-000001
DWT 16750975v5 0090047-000001

**CERTIFICATION**

I, _____, being Secretary of Court of Master Sommeliers, American Chapter, hereby certify that the foregoing Amended and Restated Bylaws were duly adopted by the Board of Directors on the 25th day of July, 2015.

_____

Name:
Secretary

24

## THE COURT OF MASTER SOMMELIERS (CMS)
## CODE OF ETHICS/CONDUCT

### Revised May 2015

Officers and members of the Court and participants in any CMS-related course are expected to further the Court's aim of maintaining the highest standards of commercial ethics and conduct.

## THE CODE OF ETHICS/CONDUCT

Alcoholic beverages (wines and spirits) are particularly vulnerable to abuse. While laws may be legislated for the protection of those who buy, serve and sell the products, the safest safeguards are always going to be the honor and integrity of the members of the trade.

The Court recognizes this and therefore requires of its members the highest standards of conduct. Thus members are required to abstain from any behavior which may discredit the Court.

Wine legislation does its best to offer protection from dishonesty and in particular to ensure authenticity. However, legislation does not always define precisely what is honorable and correct. The Court will take action not only when an infringement of the law is proven, but also when a member's commercial conduct does not appear to conform with the highest ethical standards. The Court and its members have an obligation to the public to enhance the Court's reputation and influence.

The Court's objectives, in regard to the Court's Code of Ethics/Conduct, are accepted by each member upon admission as a Master Sommelier. Thus any action or utterance by a member that demonstrates a conflict with any of these aims could open the member to disciplinary action by the Court.

Members must recognize the importance of maintaining and enhancing the reputation of alcoholic beverages and the service of them. Thus members engaged in sales should be careful always to be responsible, truthful and use good sense, never claiming virtues that do not exist or endorsing or advertising products under the name Master Sommelier.

Members are requested to conserve the good name of the Court at all times and refrain from any statements regarding its wishes that could be construed as detrimental.

Members must accept in principle that they will be regarded by the Court as answerable for the commercial conduct of any person acting on their express instructions.

All members of the Court are required to sign a Release and Waiver of Liability, in the form attached as Exhibit A, as a condition of membership.

The Board of the Court is available to members for consultation as required.

**NON-FRATERNIZATION AND CONFLICT OF INTEREST POLICY**

Although CMS does not intend to interfere with personal time outside of CMS-related events, CMS expects all members of the Court to maintain an appropriate degree of separation from, and to avoid fraternization with, candidates.  Such separation is essential to maintain the integrity of the Court's examinations and to avoid the appearance of any impropriety.  Accordingly, members of the Court may not fraternize with candidates from the day prior to the start of a particular CMS course or examination, through the final day of the course or examination, outside of official CMS-sponsored events.

Furthermore, a member of the Court who has or has had a "significant relationship," as defined below, with a candidate, is required to report the existence of the relationship to the Chairperson of the Ethics Committee, upon the member's receipt of the prospective pre-examination Examiner/Candidate Conflict document.

Any member of the Court who has or has had a "**significant relationship**" with a candidate, including a spouse or domestic partner relationship, may not examine that candidate in any capacity at any time.  A member of the Court who has or has had a "significant relationship" with a candidate may nevertheless be present at the candidate's examination, except in the event that the member has or has had a spousal, domestic partner, romantic and/or physical relationship; or "conflict relationship," as defined below, with the candidate.

A member who has or has had a spousal, domestic partner, romantic and/or physical relationship, or "conflict relationship" with a candidate may not be present at the candidate's examination and may not communicate with any person regarding the candidate's examination.  Once the candidate's examination is complete and the results of the examination are known to all present candidates, the member may attend the Reception, provided that he or she has obtained permission from the Chairperson of the Ethics Committee.

A "significant relationship" is defined as:

- Any financial relationship. A "financial relationship" is defined as a direct or indirect relationship within five years prior to the date of the examination, of which the member of the Court involved was aware at any time while the relationship existed, that involves:
    - the payment of a material amount of consideration for goods, services (including an employer/employee or consultant relationship), or intellectual property rights;
    - a debt obligation;
    - the transfer of an interest of material value in real, personal, or intellectual property, whether or not for consideration;
    - a partnership involving the sharing of income and expenses; or
    - the use of one person's assets for the benefit of another (e.g., the provision of lodging free of charge).
- Significant mentorship.
- Familial relationship. A "familial relationship" exists if one individual is the spouse, domestic partner, parent, parent-in-law, child (biological or adoptive), aunt, uncle, nephew, niece, cousin, grandchild, or grandparent of the other individual.
- Romantic and/or physical relationship.

- Conflict relationship. A "conflict relationship" is defined as a relationship in which one individual has made a complaint or otherwise taken action against the other either through legal or human resources channels.

A member of the Court who fails to recuse himself/herself from an examination as provided above may be subject to suspension or termination of membership by the Board pursuant to the procedures set out in Section 2.11 of the CMS Bylaws, and may lose the right to examine and/or educate at any CMS course or examination.

**INVESTIGATION AND DISCIPLINARY ACTION**

The CMS Board may appoint a committee pursuant to Section 2.11 of CMS's Bylaws to investigate any asserted breaches of this Code of Ethics/Conduct and to make a report and recommendation to the Board.

The Board may then decide to:
a)         Take no action
b)         Reprimand the member in such terms as may be appropriate
c)         Call upon the member to resign
d)         Suspend or terminate membership pursuant to the procedures set out in Section 2.11 of the Bylaws
e)         Take such other disciplinary action as the Board may determine is appropriate

Any member who is alleged to have violated this Code of Ethics/Conduct will be given the opportunity to present his/her case to the Board pursuant to the procedures and in the manner described in Section 2.11 of the Bylaws.  The authority to terminate any member for a violation of this Code of Ethics/Conduct shall be vested solely in the Board.

**DECLARATION ON ADMISSION**

Before admission as a Master Sommelier, candidates for admission will be required to sign a declaration. The original of this declaration, of which the following is the text, remains with the Court.

**DECLARATION ON ADMISSION**

I confirm that I have read and understand the Code of Ethics/Conduct of the Court of Master Sommeliers.

As a condition of my admission to become a Master Sommelier, I therefore acknowledge and confirm my obligation to conduct myself in accordance with such Code, as it shall be amended from time to time.

I accept that should the Board of CMS regard my conduct at any time as in breach of the Court's Code of Ethics/Conduct, the Board may suspend or terminate my membership in the Court of Master Sommeliers, remove me from the registry and stop all communication.

Print Name _____

Signed_____

Dated_____

## EXHIBIT A

## RELEASE AND WAIVER OF LIABILITY

I, _____, hereby execute this Release and Waiver of Liability in favor of the Court of Master Sommeliers ("Court') and its current and former directors, officers, employees, volunteers, agents and representatives (collectively, "CMS").

I have voluntarily chosen to participate as a member of the Court.  In consideration of being permitted to participate as a member of the Court, I hereby freely and voluntarily, without duress, agree to be bound by the following terms on behalf of myself and my spouse, children, guardians, executors, administrators, heirs, next of kin, successors and assigns:

1.   Driving after the Consumption of Alcohol.  I hereby expressly acknowledge that the Court prohibits all of its members from driving any sort of vehicle (including bicycles and motorcycles) after the consumption of any alcohol at or in connection with a Court event. Violation of this policy may also constitute a violation of the law.

2.   Waiver and Release.  To the maximum extent permitted by applicable law, I hereby waive, release and forever discharge and hold harmless CMS from any and all liability, claims, rights, demands, judgments, actions, obligations and causes of action of whatever kind, character or nature, either in law or in equity, which have arisen or may hereafter arise as a result of, or relating directly or indirectly to, my consumption of alcohol at any Court event.  I understand that the foregoing discharges CMS from any liability or claim that I may have against CMS with respect to any injury, illness, death or property damage that may result from my consumption of alcohol at any Court event.

I hereby expressly waive and relinquish any and all rights, defenses and benefits I may have now or in the future under the provisions of California Civil Code section 1542 which provides as follows:  "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."  I further expressly waive and relinquish all rights, defenses and benefits which I may have now or in the future under the law of any other state or jurisdiction, or common law principle, to the same or similar effect as California Civil Code section 1542.

3.   Code of Ethics/Conduct.  I have read the Court's Code of Ethics/Conduct and agree to abide by the rules set forth therein.  I understand that if the Court determines that I have acted in breach of the Code of Ethics/Conduct, the Court may suspend and/or terminate my membership and/or take other disciplinary action.

4.   Miscellaneous.  This Release and Waiver of Liability shall be governed by and interpreted in accordance with the laws of California and is intended to be as broad and inclusive as permitted by law.  In the event any clause or provision is held to be invalid by any court of competent jurisdiction, such invalidity shall not affect the remaining provisions, which shall continue to be enforceable.

**By signing below, I acknowledge I have carefully read this Release and Waiver of Liability and have had sufficient opportunity to ask any questions regarding its terms. I fully understand the terms of this Release and Waiver of Liability. I am signing this Release and Waiver of Liability freely and voluntarily.**

Print Name of Member: _____

Signature: _____       Date: _____