# EXHIBIT 5

To the Board of Directors and Ethics Committee of the Court of Master Sommeliers, Americas:

As your colleagues and as members of the Court of Master Sommeliers, we feel the decision reached by the Board of Directors of the Court of Master Sommeliers (the "Board") was done in haste and did not follow appropriate due process in redacting the status of the Class of 2018, as outlined in the Bylaws of the Court of Master Sommeliers, Americas.

We understand there is no precedent for these circumstances, but the absolute nature of the Court's decision, coupled with the public manner in which it was handled, has compromised the integrity of those who sat the exam fairly, in accordance with the standards of the Court and without unjust advantage. The decision has collectively devalued our accomplishment and broadly inferred that we are guilty by association. Many of us have already incurred the public spattering of our names across the press, associated with words like "scandal,"[1] "cheating,"[2] and "shame."[3]

We have met the requirements of Section 2.1 Classification and Qualifications of Members and Section 2.2 Admission to Membership (EXHIBIT A) and are entitled to the procedures for termination or suspension as outlined in Section 2.11 Termination and Suspension of Membership (EXHIBIT B), which does not include language about retesting, but does allow those affected "a timely opportunity… to be heard on the matter of the termination or the suspension."

The decision to invalidate our results and require retesting will not be an adequate measure of our integrity or skills, nor is it respectful to the status we have rightfully earned as Master Sommeliers. We feel that the Board owes those impacted by the allegations complete transparency and full disclosure of the incidents that lead to this decision. In addition, we would like the Board to deal with the parties that received the compromising email, outlining two wines the morning of the tasting, independently from the remainder of the group.

To re-test the 54 candidates, effectively exonerates the guilty parties, and at the very least rewards their lack of moral courage. This also sets a precedent that with this decision the Board can, at any time, determine that a section of the MS is invalid and void credentials.

A prominent member of the Board broke the Code of Ethics and Conduct set forth by the Court, the onus lies with the Board to issue an apology clearing those not involved in the allegations.

*"We chart the course for current and future Master Sommeliers worldwide"*

---

[1] https://www.sfchronicle.com/wine/article/Somm-scandal-Revelations-of-cheating-at-master-13294233.php

[2] http://www.chicagotribune.com/dining/ct-food-wine-court-of-master-sommeliers-20181009-story.html

[3] https://www.thedailybeast.com/cheating-scandal-rocks-elite-master-sommelier-exams?source=articles&via=rss

We acknowledge the time and consideration invested in this matter by the Board, but feel our input is integral to arriving at a more just solution. This letter is intended to set a better course for us all, in the hopes that we come out of this stronger as an organization.

Sincerely,

| | |
|---|---|
| Daniel Pilkey, MS | Andrey Ivanov, MS |
| Justin Timsit, MS | Jill Zimorski, MS |
| Steven Washuta, MS | Vincent Morrow, MS |
| Scott Barber, MS | Elton Nichols, MS |
| Douglas Kim, MS | Steven McDonald, MS |
| Tyler Alden, MS | Christopher Ramelb, MS |
| Joshua Orr, MS | Jane Lopes, MS |
| Dana Gaiser, MS | Maximilian Kast, MS |
| Peter Bothwell, MS | James Lechner, MS |

**EXHIBIT A**

Section 2.1      <u>Classification and Qualification of Members</u>

Any natural person who: 1) is dedicated to the purposes of the Corporation; 2) has successfully completed the prescribed course of study and has been awarded the Master Sommelier Diploma; and 3) has read and signed the Court's Code of Ethics and Conduct, the Release and Waiver of Liability attached thereto, and the Court's Alcohol Policy, as adopted and as may be amended by the Board from time to time, shall be eligible for membership.

Section 2.2      <u>Admission to Membership</u>

Any person eligible and qualified for membership under these Bylaws may be admitted to membership on the approval of the Board or the duly authorized committee of the Board, and upon timely payment of such dues and fees as the Board may fix from time to time.

**EXHIBIT B**

Section 2.11     <u>Termination and Suspension of Membership</u>

(a) <u>Termination</u>. The Board may terminate or suspend a member's membership and rights of membership for good cause if the procedures of Section 2.11 (d) of these Bylaws are followed. "Good cause" for the purposes shall include, but shall not be limited to: 1) the nonpayment of dues, fees or assessments within ninety (90) days after they have become due; 2) a member's failure to meet the qualifications for membership in Section 2.1 of these Bylaws; 3) violation of the Corporation's Code of Ethics and Conduct; and 4) any conduct materially and seriously prejudicial to the purposes and interests of the Corporation. The Board may appoint a committee to investigate, report, and make a recommendation to the Board regarding the termination or suspension of a member. The Board, in its discretion, may authorize the committee to suspend a member upon the authorized committee's determination of good cause without further action by the Board, but only the Board shall have the authority to take other disciplinary action or to terminate a member. The Board, or its authorized committee where the committee is authorized to suspend a member, has the discretion, in each instance, to determine whether good cause exists, based up the facts and circumstances presented.

(d) <u>Procedures for Termination or Suspension</u>. Before a member may be terminated or suspended pursuant to Section 2.11(a) of these Bylaws, the Corporation, or its authorized committee if the committee has determined to suspend the member, shall provide the member with thirty (30) days' prior written notice of the termination or suspension stating the reasons therefore and shall provide a timely opportunity for the member to be heard on the matter of the termination or suspension. The notice shall be given personally, by electronic transmission to such member (in a manner permitted by the California Nonprofit Mutual Benefit Corporation Law), or sent by first-class mail to the last address of such member as show on the records of the Corporation. The opportunity to be heard may, at the election of such member, be oral or in writing and shall occur not less than five (5) days before the effective date of the termination or suspension; such hearing shall be held, or written statement considered, by the Board or its authorized committee to determine whether the termination or suspension should occur. The hearing shall be conducted in a fair and reasonable manner, as determined by the Board or its authorized committee from time to time in accordance with Corporations Code §7341. A member shall have the opportunity to call upon any person(s) whose evidence may be pertinent, provided that the member shall provide the name(s) of such person(s) in writing to the Board or its authorized committee not less than fifteen (15) days before the date of the hearing.

(e) <u>Procedures for Reinstatement</u>. Before any member may be reinstated, the member must submit a reinstatement request in writing to the Chair, together with information related to the satisfaction of any conditions that may have been imposed by the Board or its authorized committee for reinstatement. The Chair may request additional information of the member requesting reinstatement and following review and consideration of the reinstatement request and related information, and the Chair shall make a recommendation to the Board of Directors or its authorized committee for a final decision. A member who is terminated for any reason may be readmitted only by the Board.

 Pete Bothwell <██████████████>

---

**RE: Letter from October 10 Dan Pilkey and others**

**Kathleen Lewis** <████████████████████>                    Thu, Oct 11, 2018 at 7:10 PM
To: ██████████████████████



October 11, 2018

RE: Letter from October 10 Dan P key and others

Dear Peter:

We rece ved an ema  etter from 19 of you  ast n ght. Thank you for your s ncer ty  n shar ng your thoughts and perspect ve.

Your pursu t of the Master Somme  er D p oma  s a testament to your pass on,  ntegr ty, and ded cat on. It  s w th th s same ded cat on, sp r t of exce ence and fa rness that we made these very d fficu t but necessary dec s ons. None of us want to be here, certa n y not any of you. As a un fied Board our co ect ve hearts ache for each of you  mpacted by the unfortunate acts that brought us a  here.

That sa d, quest on ng our co ect ve d  gence and thoughtfu ness around due process  s m sp aced, as  s doubt ng our understand ng of the  mp cat ons of our dec s ons on each of you and the Court.

The Board of D rectors rece ved  rrefutab e and unden ab e ev dence that the tast ng port on of the 2018 exam nat on was comprom sed. The  nvest gat on further proved that  t wou d be  mposs b e to know w th certa nty 1) how the  nc dent unfo ded; and 2) who may or may not have u t mate y rece ved confident a  nformat on. The resu ts of the  nvest gat on, coup ed w th a thorough d scuss on of the  mp cat ons of the Board's opt ons and thoughtfu  counse  of

the Eth cs Comm ttee,  nformed our unan mous dec s ons. The Board's  nvest gat on  ed us to the correct dec s on, pa nfu  as  t was, to preserve the  ntegr ty of the who e exam nat on process and the t t e of Master Somme  er.

As you correct y state, the Court's by aws prov de for due process and a t me y opportun ty to be heard.  As prev ous y stated, we w  fo ow the process set out  n the by aws and observe a  requ rements of Ca forn a  aw.  On Fr day afternoon, we w  send you more  nformat on about the process, and your r ghts and pr v eges w th n the process.

We have been gu ded  n th s process by a steadfast adherence to the m ss on and va ues of the Court, a c ear understand ng of  ega  due process as adv sed by outs de  ega  counse  every step of the way, and by our own persona  mora  compasses and the comm tments each of us has made to preserv ng the r ch her tage and future of the Court of Master Somme  ers - Amer cas.

We rema n steadfast n our comm tment to ma nta n ng the ntegr ty of the Court of Master Somme ers, and the va ue of the Master Somme er credent a through r gorous, fa r exam nat on. We a so rema n compass onate for what each of you s go ng through, emot ona y, profess ona y and persona y.

W th Grat tude,

Devon Brog e, MS

Cha rman of the Board

Court of Master Somme ers, Amer cas

Matt Stamp – V ce Cha rman of the Board

Randa Bertao – Board of D rectors

Scott Carney – Board of D rectors

Cra g Co ns – Board of D rectors

Brett Dav s – Board of D rectors

Thomas Pr ce – Board of D rectors

Cameron Doug as – Board of D rectors

Ron Edwards – Board of D rectors

Er c Entr k n – Board of D rectors

Peter Granoff – Board of D rectors

V rg n a Ph p – Board of D rectors

Steven Poe – Board of D rectors

Laura W amson – Board of D rectors

Andrew McNamara – Cha rman 2015-2018

Greg Harr ngton – Cha rman 2012-201



*The Court of Master Sommeliers sets the global standard of excellence for beverage service within the hospitality industry with integrity, exemplary knowledge, and humility.*