UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY VAN WAGNER, et al., | Case No. 22-cv-05001-EMC  (TSH) |
| Plaintiffs, | |
| v. | **DISCOVERY ORDER** |
| COURT OF MASTER SOMMELIERS, AMERICAS, | Re: Dkt. No. 161 |
| Defendant. | |

The Court held a hearing on May 29, 2026 concerning the joint discovery letter brief at ECF No. 161, and now issues the following order.

**A.      Plaintiffs' Second Set of Written Discovery**

A motion to compel has to identify the discovery requests it seeks to enforce and explain why the requested documents or information are relevant and proportional to the needs of the case. Then the motion should address why the responding party's objections lack merit.  But the moving party is not allowed to skip the first part.  You can't *just* say that the responding party's objections lack merit because then you haven't explained why the discovery request should be enforced.

In moving to compel on their second set of written discovery, Plaintiffs for the most part skip any explanation of the relevance and proportionality of their discovery requests.  The only discovery requests they actually discuss are interrogatories 19, 24, 28 and 29.  These rogs seek relevant and proportional information.  CMS's written objections to them lack merit, and at the hearing CMS indicated it did not oppose the motion as to those rogs.  Accordingly, the Court **GRANTS** Plaintiffs' motion to compel as to rogs 19, 24, 28 and 29.  For remainder of Plaintiffs' second set of written discovery, the Court does not think Plaintiffs have made a motion to compel.

Plaintiffs also ask the Court to order CMS to serve a verified response about document

retention. This doesn't seem to be a motion to compel concerning any particular discovery request. It looks like the demand for information about document retention is part of a negotiation the parties are having that they haven't quite finalized. If the parties want to negotiate something, that's up to them. But in the absence of a deal, there is no deal, and a motion to compel needs to have a legal basis, which the Court doesn't see for this category of information.

Plaintiffs offer no explanation for why CMS's failure to immediately serve a privilege log amounts to a waiver of privilege. The Court **ORDERS** CMS to produce a privilege log within 30 days. There is no need for the Court to set a deadline for CMS to produce documents in response to the requests for production in the second set of written discovery, as the Court has concluded Plaintiffs did not properly move to compel on any of those RFPs.

**B.      Plaintiffs' Subpoenas to Board Members**

Plaintiffs say nothing about what these subpoenas requested, what they are moving to compel, and why it is relevant and proportional to the needs of the case. Therefore, they have not moved to compel on their subpoenas.

Plaintiffs argue that CMS lacks standing to object to a subpoena directed to a nonparty on grounds of relevance, burden, overbreadth or proportionality. But that argument is of no moment because the nonparties themselves objected on those grounds.

The Court **ORDERS** CMS and the nonparties to serve a privilege log within 30 days.

**C.      Plaintiffs' Privilege Designations, Deposition Scheduling**

The Court discussed these issues with the parties. There is nothing for the Court to address at this time.

**IT IS SO ORDERED.**

Dated: May 29, 2026

_____
THOMAS S. HIXSON
United States Magistrate Judge

2